SUMMERS, Chief Justice
(dissenting).
I cannot agree with the majority that this writ should be granted solely to declare Section 5128 of Title 13 of the Revised Statutes unconstitutional, although I do agree with the majority that no right to appeal lies to this Court here. In my view, however, since palpable errors occur in the opinion of the Court of Appeal, — writs were granted and the case was here fully briefed and argued, — this Court should express its view on the very important issues presented.
Plaintiffs are property owners within the limits of School District No. 2 of DeSoto Parish. By a motion for judgment pursuant to Sections 5121-30 of Title 13 of the Revised Statutes they are contesting the election held on April 7, 1979, by DeSoto Parish School District No. 2 acting through the DeSoto Parish School Board.
The election was called to incur debt and issue bonds for $4 million to run for 25 years under “Proposition 1”, viz.:
*381 Shall School District No. 2 of the Parish of DeSoto, Louisiana, incur debt and issue bonds to the amount of $1,500,000 to run twenty-five (25) years from the date thereof, with interest at a rate not exceeding eight percent (8%) per annum, for the purpose of acquiring and/or improving lands for building sites and playgrounds, purchasing, erecting, and/or improving school buildings and other school related facilities within and for said School District and acquiring the necessary equipment and furnishings therefor, title to which shall be in the public, which bonds will be general obligations of the said District and will be payable from ad valorem taxes to be levied and collected within the District as authorized by Article 6, Section 33 of the Louisiana Constitution of 1974 and statutory authority supplemental thereto, and from the proceeds derived, or to be derived from that portion of the funds received by the District from the revenue sharing fund, if any, to off-set current losses caused by homestead exemptions granted by Article 7, Section 20 of the Louisiana Constitution of 1974, as authorized by Article 7, Section 26 of the Louisiana Constitution of 1974?
“Proposition No. 2” was to levy a 150-mill tax on all property subject to taxation in the District for a period of 25 years, viz.:
Shall School District No. 2 of the Parish of DeSoto, Louisiana, be authorized to levy a tax of one hundred fifty (150) mills on the dollar of assessed valuation on all property subject to taxation in the said School District, for a period of twenty-five (25) years, beginning with the year 1979, with the object and purpose of acquiring and improving schoolhouses and other school facilities, constituting works of public improvement within and for said School District?
The election carried and the results were promulgated on April 11, 1979.
Plaintiffs contend that these Propositions violate the provision of Section 98 of Title 17 of the Revised Statutes. The statute reads:
Whenever the qualified electors of any parish of a school district, acting under authority of Article VI, Section 32 of the Louisiana Constitution of 1974, or Article 10, Section 10, of the Louisiana Constitution of 1921 vote a special tax to run for a period not to exceed ten years for the purpose of constructing or improving schoolhouses and other school facilities, the school board of such parish or school district may borrow the amount of the anticipated tax for a period not to exceed ten years and issue certificates of indebtedness bearing interest at a rate not exceeding eight percent, and dedicating the avails of the tax funded for the period of time the tax is to run.
Under this authority, plaintiffs contend no bonds or indebtedness of any School District in Louisiana may exceed ten years and no bonds or indebtedness may validly issue under “Proposition No. 1” or “Proposition No. 2”.
Plaintiffs’ motion further sets forth that the bonded indebtedness set out in both propositions, when combined with the debt already existing by virtue of the currently outstanding indebtedness, exceeds or will exceed “in the aggregate ten per centum of the assessed valuation of taxable property,” the limit of indebtedness authorized by Section 562 of Title 39. The limits of Section 3507 of Title 9 of the Revised Statutes, are also exceeded, it is asserted, for it provides that assessments for public improvements as in this case “may bear interest at a rate or rates not exceeding nine percent per annum.”
After trial the propositions submitted to the electorate were held to be invalid and as a consequence the election was also invalid. The defendants were therefore enjoined from incurring debt and issuing bonds as a result of this election.
On appeal to the Second Circuit the judgment of the trial court was reversed. The *382 Court of Appeal held that the issuance or delivery of the bonds to the purchaser was the crucial time when the debt limitation of Section 562 of Title 39 of the Revised Statutes was to be determined; hence, since no bonds had been issued or delivered “Proposition 1” did not violate the limitation provision of Section 562. “Proposition 1” was therefore held to be valid and a fortiorari the election was valid.
According to the record “Proposition 1” which authorizes the incurring of debt and issuing of bonds in the amount of $1,500,-000, would not comply with the 25 percent limitation set forth in Section 562 if the computation were made at this time. Fur- . thermore, no bonds had been issued by the School Board when this suit was filed.
Section 562 of Title 39 places a 25% debt limitation on the assessed value of the property in the district, based upon the assessment preceding delivery of the bonds. The conclusion of the Court of Appeal that delivery of the bonds is the time at which the debt limitation of Section 562 is to be determined has the effect of abrogating the statutory debt limitation. This is so because Section 35A of Article VI of the Constitution limits the time in which suit can be brought to contest an election to sixty days. It is unlikely that any bonds could ever be delivered within that time, and when the 60-day time limitation has run no contest is available. The effect is to give the political subdivision unlimited authority to incur debt and issue bonds without contest.
There is no language in Section 562 which makes the limitation imposed there dependent upon delivery. The limitation is “to be ascertained by the last assessment . previous to delivery of the bonds.” (emphasis added).
There are strong inferences from the record that the School Board was aware of the fact that it was exceeding the debt limitation for they sponsored legislation (not applicable here) to increase the debt limit to 50%.
The ad valorem taxes sought to be levied in “Proposition 1” are those authorized by Section 33 of Article VI of the Constitution. The taxes referred to in “Proposition 2” were to be applied to payment of the bonds issued on the authority of “Proposition 1”. Therefore, if “Proposition 1” exceeds the debt limitation and is invalid, as I perceive it to be, the tax to pay those bonds is also invalid.
Nor do I agree with the School Board’s argument that the vote of the citizens of the District are a protection against excessive taxation. To the contrary, the large homestead exemption in this State isolates the majority of the voters from these taxes and their concern for the real taxpayer is accordingly minimized.
Accordingly, for these reasons I respectfully dissent.